UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAN BUNKERING (AMERICA) INC. | § § | |
| Plaintiff, | § § § § | |
| V. | § § § | CIVIL ACTION NO.: _____<br>IN ADMIRALTY, Rule 9(h)(C) |
| SWIBER OFFSHORE MEXICO,<br>RANGER OFFSHORE, INC.,<br>*IN PERSONAM*<br>AND M/V SWIBER ADA *IN REM* | § § § § § § | |
| Defendants. | § | |

**VERIFIED COMPLAINT**

Dan Bunkering (America) Inc., files its Verified Complaint against *M/V Swiber Ada*, IMO 9502154, ("the Vessel") *in rem*, Swiber Offshore Mexico S.A. de C.V., and Ranger Offshore, Inc., *in personam,* stating an admiralty and maritime claim pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, and shows the following:

### I.     JURISDICTION, VENUE AND PARTIES

1. Jurisdiction is proper in accordance with 28 U.S.C. §1333, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims. Venue is also proper in this district in accordance with 28 U.S.C. §1391(b)(2) and (d) and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2. Plaintiff, Dan Bunkering (America) Inc. ("Dan Bunkering") is engaged in the business of selling and supplying bunker fuel to vessels, and is incorporated under the laws of Texas, with its principal office at 840 Gessner, Suite 210, Houston, Texas 77024.

3. Defendant, Swiber Offshore Mexico S.A. de C.V. ("Swiber") is the owner of the Vessel, and is incorporated under the laws of Mexico, with its principal office at Calle 2 Ote. Mz. G Lt. 2, Puerto Pesquero, Ciudad del Carmen, Campeche 24129, Mexico.

4. Defendant, Ranger Offshore, Inc. ("Ranger") is a charterer and operator, and is incorporated under the laws of Texas, with its principal office at 10370 Richmond Ave, Houston, Texas 77042.

5. Upon information and belief, the Vessel is or will soon be, within the jurisdiction of this Honorable Court.

## II. FACTUAL BACKGROUND

6. In the fall of 2018, Dan Bunkering entered into a bunker supply agreement with Ranger. Ranger ordered marine fuel from Dan Bunkering and failed to pay Invoice No. 61273 for $405,999.01.[1] Pursuant to Bill of Lading No. 18/0075, on September 11, 2018, 80,600 gallons of fuel were delivered to and for the benefit of the Vessel.[2]

7. Both Swiber and Ranger benefited from the marine fuel consumed by the Vessel ordered by Ranger and sold by Dan Bunkering.

8. Invoice No. 61273 for $405,999.01 remains outstanding, plus all applicable fees, interest, and costs.

9. As a result of the foregoing, Dan Bunkering has a valid maritime lien against the vessel for the provision of necessaries.

---

[1] Invoice No. 61273 for $405,999.01. (Exhibit 1).
[2] Bill of Lading No. 18/0075. (Exhibit 2).

4836-6760-1586.1

### III.   RULE C ARREST

10. Pursuant to Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions to the Federal Rules of Civil Procedure 46 U.S.C. § 31341, *et. seq*, Dan Bunkering has a maritime lien against the Vessel for the amount of $405,999.01 for provisions of necessaries, specifically marine fuel, to the Vessel at the request of and upon order of her owner, which may be enforced by the *in rem* seizure of the Vessel, pursuant to Federal Rules of Civil Procedure Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Foreclosure Actions. Therefore, Dan Bunkering requests that process in due form of law, according to the practices of this Court is issued against the Vessel, her engines, machinery, tackle, apparel, equipment, rigging, and all other necessary appurtenances, and freight, etc.

11. All the foregoing premises are true and correct and within the Admiralty and Maritime Jurisdiction of this Honorable Court.

WHEREFORE, Dan Bunkering (America) Inc. prays:

(1) That process in due form of law, according to the practice of this Court in cases of admiralty jurisdiction issue against the Vessel her engines, machinery, tackle, apparel, equipment, rigging, and all other necessary appurtenances, and freight, etc., Swiber and Ranger.

(2) That a judgment be entered in favor of Dan Bunkering (America) Inc. against the Vessel, her engines, machinery, tackle, apparel, equipment, rigging, and all other necessary appurtenances, and freight, etc., and judgement *in personam* against Swiber and Ranger;

(3) That the Court retain jurisdiction over the Vessel, within the District in order to enter a judgment upon any decree in these proceedings;

4836-6760-1586.1

(4)     That the "necessaries" provided by Dan Bunkering (America) Inc. declared to be a valid and subsisting lien upon the Vessel, her engines, machinery, tackle, apparel, equipment, rigging, and all other necessary appurtenances, and freight, etc., and all other equipment and necessaries belonging and appurtenant thereto, which to the extent permitted by applicable law is prior and superior to other potential interest, liens or claims of any and all persons, firms or corporations whatsoever;

(5)     That Dan Bunkering (America) Inc. be awarded its attorneys' fees and costs of this action; and

(6)     That Dan Bunkering (America) Inc. be granted all such other and further relief as equity, justice and the nature of this case will allow.

DATED this 28th day of January 2020.

**FOLEY GARDERE**
**FOLEY & LARDNER LLP**

By:  /s/ Anacarolina Estaba
Peter A. McLauchlan
State Bar No. 13740900
Federal Bar No. 6370
pmclauchlan@foley.com
Anacarolina Estaba
State Bar No. 24085298
Federal Bar No. 964979
aestaba@foley.com
1000 Louisiana, Suite 2000
Houston, Texas 77002-2099
Telephone: (713) 276-5500
Facsimile:  (713) 276-5555

*ATTORNEYS FOR PLAINTIFF,*
*DAN BUNKERING (AMERICA) INC.*

4836-6760-1586.1